UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nathaniel Darron Jenkins,

    Petitioner,

v.                                    Case No. 11-12433

Greg McQuiggin,                    Honorable Sean F. Cox

    Respondent.
_____/

**ORDER
ACCEPTING & ADOPTING R&R,
DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS, AND
DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On June 6, 2011, Petitioner Nathaniel Darron Jenkins ("Petitioner"), a state prisoner, currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed an application seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner raises two ineffective assistance of counsel claims and a claim that he was denied a fair trial by virtue of prosecutorial misconduct.

On December 16, 2011, this case was referred to Magistrate Judge Paul Komives for a report and recommendation and for the entry of any preliminary or post-judgment orders.

On December 13, 2012, Magistrate Judge Komives issued his thirty-six (36) page Report and Recommendation ("R&R"), wherein he recommends that the Court: 1) deny Petitioners application for the writ of habeas corpus; and 2) deny Petitioner a certificate of appealability.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Petitioner filed timely objections to the R&R on December 26, 2012. (Docket Entry No. 11). [1] Petitioner asserts four objections to the R&R.

First, Petitioner objects to the "Procedural Default and Non-Exhaustion Findings" in the R&R. (*See* Petr.'s Objs. at 3). This Court agrees with the Magistrate Judge's analysis as to procedural default and non-exhaustion. Moreover, despite those findings, the Magistrate Judge went on to address the merits of Petitioner's claims. (*See* R&R at 10, stating that "petitioner's claim that counsel was ineffective for failing to request a consent instruction is without merit, and the Court should therefore deny the claim on that basis rather than resolving the complicated exhaustion issue", and at 12, stating that "notwithstanding petitioner's default it is necessary to consider the merits of petitioner's claims" and that "it is better to simply consider the merits of these claims, even if they are defaulted.").

Second, Petitioner objects to the Magistrate Judge's "Rejection of Ineffectiveness of Trial & Appellate Counsel's Performance as a Substantive Claim and as a Procedural Defense." (Petr.'s Objs. at 7). Again, although this Court agrees with the Magistrate Judge's conclusions regarding procedural default, the Magistrate Judge went ahead and addressed the merits of Petitioner's claims. Having reviewed the Magistrate Judge's thorough and well-reasoned analysis, this Court agrees that Petitioner is not entitled to habeas relief as to these claims.

---

[1] Respondent has not filed a response to Petitioner's Objections and the time permitted for doing so has expired.

Third, Petitioner objects to the Magistrate Judge's "Prosecutorial Misconduct Findings." (Petr.'s Objs. at 9). The Magistrate Judge concluded that Petitioner is not entitled to habeas relief as to any of his prosecutorial misconduct claims. (*See* R&R at 17-24). Having reviewed the Magistrate Judge's thorough and well-reasoned analysis, this Court agrees that Petitioner is not entitled to habeas relief as to these claims.

Fourth, Petitioner objects to the Magistrate Judge's recommendation that no certificate of appealability be issued. (Petr.'s Objs. at 13). In the R&R, the Magistrate Judge stated that "[i]f the Court accepts [his] recommendation regarding the merits of petitioner's claim, the Court should also conclude that petitioner is not entitled to a certificate of appealability." (R&R at 34). As stated above, this Court accepts the Magistrate Judge's recommendation regarding the merits of petitioner's claims and agrees that Petitioner is not entitled to habeas relief.

A certificate of appealability must issue before a petitioner such as Jenkins may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required

3

to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

Accordingly, the Court hereby ACCEPTS AND ADOPTS the December 13, 2012 R&R and hereby DENIES Petitioner Jenkins's Application for a writ of habeas corpus.

IT IS FURTHER ORDERED that this Court DECLINES TO ISSUE a Certificate of Appealability.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2013, by electronic and/or ordinary mail.

S/Jennifer Hernandez McCoy
Case Manager